USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

JAMEL STEVENS,

                  Plaintiff,

        -v-

CITY OF NEW YORK;
DEPUTY WARDEN PEREZ;
CAPTAIN BUTLER,

                  Defendants.

-------------------------------------------------------------------- X

12 Civ. 3808 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Jamel Stevens, proceeding *pro se*, brings this action, pursuant to Title 42, United

States Code, Section 1983, against the City of New York and two of its employees, Deputy

Warden Perez and Captain Butler (together, "Officers"). Stevens alleges that his Eighth and

Fourteenth Amendment rights were violated when his footwear was confiscated "without due

process of law," and that Defendants demonstrated "deliberate indifference to [his] health and

medical needs" by requiring him to wear ill-fitting and poorly constructed standard-issue

Department of Correction ("DOC") footwear. Defendants have moved to dismiss the Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the

motion is GRANTED.

## BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes

of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir.

2009).

From June 2010 through March 2012, Stevens was incarcerated as a pretrial detainee at the George R. Vierno Center ("GRVC") on Rikers Island. (Compl. ¶ II (C), (D) (Docket No. 2); Aff. in Opp'n to Def.'s Mot. to Dismiss 1 (Docket No. 26)). Upon entry, Stevens's size eight shoes were taken from him and replaced with standard-issue size thirteen DOC footwear. (Compl. ¶ II (D)). That footwear caused Stevens constant pain and suffering. He was sent to a specialist on several occasions "for pinched nerves, [calluses], bleeding heels and back and leg problems." (*Id.*). Stevens was prescribed "creams, [T]ylenol, . . . ointments, and medical notes for supportive footwear." (*Id.*). Stevens alleges that the DOC footwear was also unsafe because it lacked traction and increased the likelihood that he would slip and fall. (*Id.*).

Despite these problems and Stevens's medical notes, Deputy Warden Perez and Captain Butler refused to help him. (*Id.*). On one occasion, Perez told Stevens to "shut up and enjoy the pain," and proceeded to tear up his medical note in front of him. (*Id.*). Although the GRVC initially allowed Stevens to wear a pair of Reebok sneakers that were sent to him, those shoes were eventually confiscated by Captain Butler because they had a British flag on them. (*Id.*). At some point, Stevens was given a pair of work boots due to the efforts of an organization called "Prisoners' Rights." (*Id.*). The work boots, apparently, were not much better than the previous footwear, as they caused him to have "open sores below [his] big toe and bleeding." (*Id.*). In any event, the boots were eventually confiscated as well and Stevens was forced to wear the standard-issue DOC footwear again up until the time he left the facility. (*Id.*).

## DISCUSSION

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive a

2

Rule 12(b)(6) motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, if the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Plaintiff is proceeding *pro se*. Therefore, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citations omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (stating that a court is "obligated to construe a *pro se* complaint liberally"). Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading and "dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief." *Geldzahler v. N.Y. Med. College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting 2 Moore's Federal Practice § 12.34 [4][a] at 12-72.7 (2005)). Thus, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Id.* (quoting 2 Moore's Federal Practice § 12.34[1] [b], at 12-61 (internal quotation marks omitted)); *see also, e.g.*, *Joyner v. Greiner*, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002) (dismissing action because *pro se* plaintiff "failed to allege facts tending to establish" that defendants violated his constitutional rights).

**A.     The Due Process Claim**

Stevens's first claim is that Defendants' confiscation of his footwear constituted a deprivation of property without due process of law.  (Compl. ¶ V).  "Deprivation of property by a state actor, whether intentional or negligent, does not give rise to a claim under § 1983 so long as the law of that state provides for an adequate post-deprivation remedy and the deprivation was the result of a 'random and unauthorized' act," rather than an established state procedure or practice. *Johnson v. City of N.Y.*, No. 09 Civ. 4685 (PGG), 2011 WL 1044852, at *12 (S.D.N.Y. Mar. 18, 2011) (quoting *Dove v. City of N.Y.*, No. 99 Civ. 3020 (DC), 2000 WL 342682, at *2 (S.D.N.Y. Mar. 30, 2000) (collecting cases)) (internal quotation marks omitted).  That is, the availability of a state action to remedy a prisoner's deprivation of property — whether a pretrial detainee or a convicted inmate — precludes relief under Section 1983 because the state action, by itself, constitutes whatever process is due. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527, 544 (1981) (holding that the remedies provided by the State of Nebraska were "sufficient to satisfy the requirements of due process" with respect to a Fourteenth Amendment deprivation of property claim), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996).

Here, Stevens has not alleged that his deprivation of property was part of an established practice or procedure at the GRVC.  In fact, he appears to allege the opposite, stating in his opposition to Defendants' motion that "[t]here is no such written law that states that all footwear is contraband."  (Aff. in Opp'n to Def.'s Mot. to Dismiss 1).  Further, it is well established that "New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, or conversion." *Dove*, 2000 WL 342682, at *3 (citing *Mejia v. N.Y.C. Dep't of Corr.*, 96-CV-2306 (JG), 1999 WL 138306, at *4 (E.D.N.Y. Mar. 5, 1999)).

Accordingly, Stevens's Fourteenth Amendment claim must be dismissed. *See, e.g.*, *Koehl*, 85

F.3d at 88 (stating that the district court properly concluded that the confiscation of a prisoner's

eye glasses did not constitute a Fourteenth Amendment violation for deprivation of property

because of the availability of state court post-deprivation remedies).

**B.      The Deliberate Indifference Claim**

In addition, Stevens alleges that the Officers were deliberately indifferent to his health

and medical needs in violation of the Eighth Amendment. (Compl. ¶ V). Technically, the

Eighth Amendment does not apply to a pretrial detainee such as Stevens, but "the standard of

review for a Fourteenth Amendment Due Process claim by a pretrial detainee is identical to an

Eighth Amendment claim by a convicted prisoner. Accordingly, the Court analyzes the

plaintiff's allegations under the Eighth Amendment's deliberate indifference standard." *Martin*

*v. City of N.Y.*, No. 11 Civ. 600 (PKC) (RLE), 2012 WL 1392648, at *8 (S.D.N.Y. Apr. 20,

2012) (citing *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009)). To prove such a claim,

Stevens must show that (1) the alleged deprivation is, objectively, sufficiently serious; and

(2) the Officers, subjectively, acted with a "sufficiently culpable state of mind." *Johnson v.*

*Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d

Cir. 1998)) (internal quotation marks omitted). Only grave deprivations that deny "the minimal

civilized measure of life's necessities" can form the basis for an Eighth Amendment violation.

*See, e.g.*, *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (noting that the Constitution "does not

mandate comfortable prisons"). "Ultimately, to establish the objective element of an Eight[h]

Amendment claim, a prisoner must prove that the conditions of his confinement violate

contemporary standards of decency." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002).

Applying these standards here, Stevens fails to allege facts sufficient to satisfy the objective prong of the deliberate indifference standard.  Indeed, courts in this Circuit have consistently found that pain and other problems resulting from being forced to wear institutional footwear are not sufficiently serious to satisfy that prong.  *See, e.g. Martin*, 2012 WL 1392648, at *9 (collecting cases and explaining that "DOC's issuance of shoes two sizes too big with inadequate 'bottoms/soles to prevent slip and falls' does not does not constitute the 'extreme deprivation' necessary to state a cognizable 'conditions-of-confinement' claim" (citation omitted)); *Williams v. Dep't of Corr.*, No. 11 Civ. 1515 (SAS), 2011 WL 3962596, at *4 (S.D.N.Y. Sept. 7, 2011) (holding that discomfort caused by wearing poorly constructed shoes with no support "does not constitute a condition of confinement that . . . poses an excessive risk to a prisoner's health or safety").  Put simply, pinched nerves, sores, calluses, bleeding heels, and back and leg problems, (Compl. ¶ II D), do not "offend contemporary standards of decency," *Martin*, 2012 WL 1392648, at *9, or "pose 'an unreasonable risk of serious damage' to [Stevens's] future health," *id.* at *10 (quoting *Phelps*, 308 F.3d at 185).  Accordingly, Stevens's deliberate indifference claim fails as a matter of law.[1]

## C.   The *Monell* Claim

Because Stevens has failed to state a claim upon which relief can be granted, it follows that his claim against the City of New York, under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), fails as well.  *See, e.g.*, *Mitchell v. Cnty. of Nassau*, 786 F. Supp. 2d 545, 563 (E.D.N.Y. 2011) ("In order to state a viable *Monell* claim . . . plaintiff must establish some constitutional

---

[1]      In light of that conclusion, the Court need not reach the question of whether Stevens's allegations are sufficient to establish the second, subjective prong of the claim. *See, e.g.*, *Goris v. Breslin*, 402 Fed. Appx. 582, 584 (2d Cir. 2010) (explaining that the subjective prong of the Eighth Amendment analysis need not be reached because the plaintiff had failed to "demonstrate that the alleged deprivation was 'sufficiently serious,' as an objective matter, to be actionable under the Eighth Amendment").

violation.") (citing cases).  In any event, it is well established that a municipal entity, such as the

City of New York, can be held liable under Section 1983 only "where the municipality itself

causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989);

*see Monell*, 436 U.S. at 694-95.  Thus, "[p]laintiffs who seek to impose liability on local

governments under § 1983 must prove that 'action pursuant to official municipal policy' caused

their injury." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (quoting *Monell*, 436 U.S. at

691).  In this case, there is no allegation that Stevens's deprivation was the result of an official

municipal policy or custom.  To the contrary, Stevens appears to argue in his opposition papers

that the GRVC's treatment of sneakers as contraband was anomalous.  (Aff. in Opp'n to Def.'s

Mot. to Dismiss 1).  Because Stevens has also failed to identify a custom or practice that caused

his alleged constitutional injury, his municipal claim must be dismissed.  *See, e.g.*, *Martin*, 2012

WL 1392648, at *11 (dismissing municipal liability claim because Plaintiff failed to establish "a

direct [causal] link between a municipal policy or custom and the alleged constitutional

deprivation" (quoting *City of Canton*, 489 U.S. at 385) (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint is GRANTED.

(Docket No. 21).  In light of the Court's ruling, Stevens's December 13, 2012 request for the

appointment of counsel is DENIED as moot.  (Docket No. 29).  The Clerk of Court is directed to

mail a copy of this Memorandum Opinion and Order to Plaintiff and to close this case.

SO ORDERED.

Dated: January 8, 2013
    New York, New York

_____
JESSE M. FURMAN
United States District Judge

7